IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEED LIGHTING DESIGN CO, LTD., | No. C 04-2291 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 51] |
| HOME DEPOT, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Seed Lighting Design Co, Ltd.'s June 10, 2005 ex parte application to extend factual discovery [Docket No. 51]. Plaintiff's ex parte application is opposed by Defendants Home Depot, Trend Lighting Corp., and Hampton Bay Fan & Lighting Company ("Defendants") [Docket No. 53].

Pursuant to the May 20, 2005 Order for Pretrial Preparation, the parties' current factual discovery deadline is June 17, 2005. Plaintiff requests that the fact discovery deadline be continued to July 17, 2005 pursuant to Fed. R. Civ. Proc. 16(b). Plaintiff also requests that the Court extend the expert discovery deadline to an unspecified date "beyond May 31, 2005." Plaintiff alleges the following facts in support of its request: (1) Plaintiff has been unable to take the deposition of Home Depot despite two previous attempts to notice the

deposition because the parties were not able to agree upon a mutually available date; (2) Defendants have failed to produce documents that Plaintiff believes are responsive to Plaintiff's discovery requests; and (3) the parties have thus far been unable to agree on available dates for the depositions of Defendants' designated experts.

Defendants oppose Plaintiff's request on the grounds that no further extensions of time are warranted, since Plaintiff failed to timely serve its written discovery despite two previous extensions granted by this Court.[1] Despite Defendants' objections to Plaintiff's request, however, Defendants state that they have agreed to produce Home Depot and the two designated experts for deposition, even after the June 17, 2005 discovery deadline.

Having considered the papers submitted by both parties, the Court finds that Plaintiff has not shown good cause warranting an extension of the factual discovery deadline to July 17, 2005 or an extension of the expert discovery deadline to an unspecified time in the future. Indeed, this Court already granted Plaintiff a two-month extension of time within which to complete its discovery. Plaintiff's failure to complete discovery consistent with the original scheduling order, or during the additional period provided by the prior extension, or to compel further discovery responses pursuant to Federal Rule of Civil Procedure Rule 37, is its own fault. However, since Defendants have agreed to make Home Depot and its two experts available for deposition, the Court hereby grants Plaintiff leave to take these three depositions after the June 17, 2005 deadline.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's request to extend the fact discovery deadline to July 17, 2005 and the expert discovery deadline to an unspecified time in the future is DENIED. However, Plaintiff is hereby granted leave to depose Home Depot and Defendants' two designated experts after the fact and expert discovery deadlines, such that the depositions conclude on or before **July 15, 2005**. No further discovery may be conducted by either party without prior leave of Court. **The Court reminds the parties that this matter**

---

[1] Defendants also object to Plaintiff's ex parte application on the grounds that Plaintiff has failed to comply with Civil Local Rule 7-10. Although the Court notes that Plaintiff has failed to cite to Civil Local Rule 7-10 in the instant application, the Court also notes that Defendants' objection is fairly disingenuous in light of the fact that Defendants told Plaintiff to file the instant ex parte request. *See* Declaration of Lael D. Beloate at ¶ 23. Further, Defendants have not demonstrated that they have been prejudiced, in any way, by Plaintiff's failure to abide by the technical procedures of the Civil Local Rules. Indeed, Defendants were consulted prior to the filing of the instant application and were able to file a timely response.

**has been pending since June 2004 and is set for a September 26, 2005 trial. Accordingly, the Court is not inclined to grant any further extensions relating to discovery. Both parties are also reminded of their obligation to engage in a *meaningful* meet-and-confer prior to bringing matters to the attention of the Court.**

IT IS SO ORDERED.

Dated: 6-16-05                                     /s/ Saundra Brown Armstrong
                                                            SAUNDRA BROWN ARMSTRONG
                                                            United States District Judge

**United States District Court**
For the Northern District of California