IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEED LIGHTING DESIGN CO, LTD., | No. C 04-2291 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 66] |
| HOME DEPOT, et al., | |
| Defendants. | |

On June 21, 2005, Defendants filed a Motion for Summary Judgment in the above-captioned matter. Defendants' Motion for Summary Judgment was noticed for a July 26, 2005 hearing date. On June 23, 2005, after being informed by the Court that the July 26, 2005 hearing date was not available, Defendants filed an ex parte application requesting that the Court allow Defendants' Motion for Summary Judgment to be heard on July 26, 2005. On June 28, 2005, the Court granted Defendants' ex parte application.

Pursuant to the Court's standing orders, Plaintiff's opposition to Defendants' Motion for Summary Judgment was due on July 5, 2005. However, on July 5, 2005, instead of filing an opposition, Plaintiff submitted an ex parte application requesting a one-week extension of time to file the opposition brief

[Docket No. 66]. In the ex parte application, Plaintiff states that it cannot comply with the July 5, 2005 deadline because it did not begin preparing its opposition brief until June 28, 2005.

This is the fourth time Plaintiff has sought leave of Court to extend a deadline relating to this case [*see* Docket Nos. 32, 40, 51]. In the June 16, 2005 Order denying Plaintiff's third request for an extension of the discovery deadline, the Court observed that Plaintiff's failure to complete its discovery within the requisite period of time was Plaintiff's own fault. Similarly, it appears that Plaintiff's failure to timely prepare an opposition to Defendants' Motion for Summary Judgment, which has now been in Plaintiff's possession for two weeks, is due to Plaintiff's own lack of diligence. In light of the fact that Plaintiff has repeatedly failed to comply with this Court's deadlines, Plaintiff's belief that it did not have to "expend time and effort in an opposition until it was clear the motion would be heard" is inexcusable. Significantly, the Court notes that Plaintiff did not request an extension of time once it learned that the hearing would take place on July 26, 2005, but instead waited until the date its opposition was due. The Court also notes that Plaintiff did not file an opposition to Defendants' ex parte request for a July 26, 2005 hearing and, in fact, expressly informed Defendants on June 23, 2005 that Plaintiff would not oppose Defendants' request for a July 26, 2005 hearing date. *See* Decl. of Richard Darwin I.S.O. Defs' Ex Parte App. at ¶ 5.

As the Court reminded Plaintiff in its June 16, 2005 Order, this matter has been pending since June 2004 and is set for a September 26, 2005 trial. The motion cut-off deadline is August 2, 2005. Given the impending motion cut-off deadline and trial date, Plaintiff is expected to be in the position to readily respond to any dispositive motions filed by the Defendants.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's ex parte application for a seven-day extension of time to file its opposition to Defendants' Motion for Summary Judgment [Docket No. 66] is DENIED. However, the Court hereby modifies the briefing schedule as follows:

1. Plaintiff may file an opposition to Defendants' Motion for Summary Judgment **on or before July 7, 2005 at 4:00 p.m.**

2. Defendants may file a reply in support of their Motion for Summary Judgment **on or before July 14, 2005 at 4:00 p.m.**

1  **The Court expressly reminds Plaintiff that, pursuant to the Court's standing orders, any failure to file an opposition to the Motion for Summary Judgment shall be construed as a consent to the granting of that Motion. Additionally, both parties are reminded that the Court is not inclined to grant any further extensions of time.**

IT IS SO ORDERED.

Dated: July 5, 2005

/s/
SAUNDRA BROWN ARMSTRONG
United States District Judge